JENNER & BLOCK LLP
Alexander M. Smith (SBN 295187)
asmith@jenner.com
2029 Century Park East, Suite 1450
Los Angeles, CA 90067-2901
T: (213) 239-2262
F: (213) 239-5199

JENNER & BLOCK LLP
Dean N. Panos (*pro hac vice* pending)
dpanos@jenner.com
353 North Clark Street
Chicago, IL 60654
T: (312) 923-2765
F: (312) 527-0484

Attorneys for Defendant
Primal Nutrition, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JAMES DECKMAN and AMBER NEWBY, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

PRIMAL NUTRITION, LLC,

Defendant.

Case No. 2:26-cv-9916-ODW

**NOTICE OF RELATED CIVIL CASES**

Pursuant to Local Rule 83-1.3.1, Defendant Primal Nutrition, LLC hereby notifies the Court that this case is related to *Hood v. Primal Nutrition, LLC*, Case No. 2:26-cv-9177-FMO-BFM, which is currently pending before the Honorable Fernando M. Olguin.

Both cases allege that Primal Nutrition deceptively "market[s] and sell[s] Primal Kitchen branded condiments, sauces, and dressing products that are purportedly made with avocado oil instead of other oils, but do not contain 100% pure avocado oil." Compl. ¶ 2; *see also* Ex. 1 ("*Hood* Compl.") ¶ 2 ("This action concerns three Primal Kitchen products that were independently laboratory-tested and found to be compositionally inconsistent with authentic avocado oil."). Both cases rely on a recent UC Davis study as the basis for their claims that Primal Kitchen's products do not contain "pure" or "authentic" avocado oil. *See* Compl. ¶ 2 ("[A] recent study published by researchers at UC Davis (the 'UC Davis 2026 Study') found that Primal Kitchen's Oil & Vinegar Dressing, Italian Dressing, and Mayo contain oils that are not consistent with 100% pure avocado oil."); *Hood* Compl. ¶ 3 ("In July 2026, food scientists at the University of California, Davis published a peer reviewed study finding that the vast majority of avocado-oil-labeled processed foods sold in the United States—including chips, mayonnaise, and salad dressings—do not contain the compositional profile of authentic avocado oil.").

Based on those allegations, both lawsuits assert similar claims under state consumer protection statutes and common-law claims. This lawsuit asserts claims for violations of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.*, the Florida Deceptive & Unfair Practices Act ("FDUTPA"), Fla. Stat. § 501.204(1), and the Utah Consumer Sales Practices Act ("UCSPA"), Utah Code Ann. §§ 13-11-1 *et seq.*, as well as a claim for breach of contract. *See* Compl. ¶¶ 70–122. The *Hood* action asserts claims for violations of the UCL, CLRA, and the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq.*, as well as claims for breach of express warranty, breach of the implied warranty of merchantability, and unjust enrichment. *See* Hood Compl. ¶¶ 74–101.

Both cases assert these claims on behalf of a putative nationwide class of consumers, as well as various subclasses of consumers. *See* Compl. ¶¶ 57–59 ; *Hood* Compl. ¶ 65.

In short, both cases involve the same products and the same theory of mislabeling, assert similar claims under state consumer protection statutes, and seek to represent the same putative nationwide class. In both lawsuits, the plaintiffs' statutory claims hinge on whether Primal Nutrition's labeling is likely to mislead reasonable consumers.[1] The two cases therefore "arise from the same or a closely related transaction, happening, or event," "call for determination of the same or substantially related or similar questions of law and fact," and "would entail substantial duplication of labor if heard by different judges," which renders them "related" within the meaning of the Local Rules. L.R. 83-1.3.1.

Dated: September 25, 2026

JENNER & BLOCK LLP

By: /s/ Alexander M. Smith
Alexander M. Smith

Attorneys for Defendant
Primal Nutrition, LLC

[1] *See, e.g.*, *Becerra v. Dr. Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019) ("[C]laims under the California consumer-protection statutes are governed by the 'reasonable consumer' test . . . ."); *Zlotnick v. Premiuer Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007) (noting that FDTUTPA requires "a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment") (citations and internal quotation marks omitted); *Johnson v. Blendtec, Inc.*, 500 F. Supp. 3d 1271, 1294 (D. Utah 2020) (applying "reasonable consumer" standard to UCSPA claim).