**TODD S. EAGAN, ESQ. (BAR NO. 207426)**
**EAGAN LAW CORPORATION**
401 Wilshire Boulevard, 12th Floor
Santa Monica, CA 90401
Ph: (310) 304-3302
teagan@eagan.law

**JAMES J. ROSEMERGY (MO. BAR NO. 50166)**
***To be admitted Pro Hac Vice***
**CAREY & DANIS LLC**
8235 Forsyth, Suite 1100
St. Louis, MO 63105
Ph: (314) 725-7700
jrosemergy@careydanis.com

**Attorneys for Plaintiffs Sasha Kerkmann Hood, Cara Brand, Courtney Walker, and Joanna Van Vleck and the Putative Class**

[*Additional Counsel Appear on Signature Page*]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SASHA KERKMANN HOOD, CARA BRAND, COURTNEY WALKER, and JOANNA VAN VLECK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>PRIMAL NUTRITION, LLC, a Delaware limited liability company; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 2:26-cv-09177<br><br>**CLASS ACTION**<br><br>**STIPULATION TO CONSOLIDATE RELATED CASES AND SET BRIEFING SCHEDULE ON MOTION TO TRANSFER VENUE** |
| JAMES DECKMAN and AMBER NEWBY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRIMAL NUTRITION LLC,<br><br>Defendant. | Related Cases:<br><br>Case No. 2:26-cv-09916 |

| | |
|---|---|
| TOBI RAPHAEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRIMAL NUTRITION, LLC and THE KRAFT HEINZ COMPANY,<br><br>Defendants. | Case No. 2:26-cv-11357 |

**TO THE ABOVE-TITLED COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiffs Sasha Kerkmann Hood, Cara Brand, Courtney Walker, and Joanna Van Vleck ("Hood Plaintiffs") in the matter of *Hood et al. v. Primal Nutrition LLC, et al.,* No. 2:26-cv-09177; Plaintiffs James Deckman and Amber Newby ("Deckman Plaintiffs") in the matter of *James Deckman and Amber Newby v. Primal Nutrition, LLC,* No. 2:26-cv-09916; and Plaintiff Tobi Raphael ("Plaintiff Raphael") in the matter of *Tobi Rachel v. Primal Nutrition LLC and the Kraft Heinz Co.,* No. 2:26-cv-11357 (together, "Plaintiffs") and Defendant Primal Kitchen LLC and The Kraft Heinz Company ("Defendant" or "Primal Kitchen") (and together, the "Parties"), by and through their attorneys, hereby stipulate as follows:

WHEREAS, on August 18, 2026, the Hood Plaintiffs filed their action in this District, titled *Hood et al. v. Primal Nutrition LLC, et al.,* No. 2:26-cv-09177 (the "*Hood* action");

WHEREAS, on September 3, 2026, the Deckman Plaintiffs filed their action in this District, titled *James Deckman and Amber Newby v. Primal Nutrition, LLC,* No. 2:26-cv-09916 (the "*Deckman* action");

WHEREAS, on September 25, 2026, Plaintiff Raphael filed her action in this District, titled *Tobi Raphael v. Primal Nutrition, LLC and the Kraft Heinz Co.,* No. 2:26-cv-11357 (the "*Raphael* action");

WHERAS, the Deckman Plaintiffs and Defendants filed a Notice of Related Case, and the Court related the *Deckman* action to the *Hood* action and transferred the Deckman action to Judge Otis D. Wright;

WHEREAS, Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The Court 'has broad discretion under this rule to consolidate

cases.'" *Stevens v. Quiksilver, Inc.*, No. CV1502810JVSJCGX, 2015 WL 13811587, at *2 (C.D. Cal. June 26, 2015) (Selna, J.) (quoting *Investors Research Co. v. United States Dist. Court*, 877 F.2d 777, 777 (9th Cir. 1989)). "In determining whether or not to consolidate cases, the Court should weigh the interest of judicial convenience against the potential for delay, confusion and prejudice." *Azpeitia v. Tesoro Refining & Marketing Co*. LLC, 2017 WL 4071368, *1 (N.D. Cal. Sept. 14, 2017);

WHEREAS, all three actions arise from consumers alleging that Primal Nutrition engaged in false and deceptive advertising regarding claims about avocado oil in some of Defendant's Products and assert claims for violations of state consumer protection laws;

WHEREAS, Plaintiffs and Defendant agree to consolidate the above-related actions pursuant to Rule 42(a) because each action asserts substantially the same claims and raise substantially the same questions of fact and law regarding liability and damages, and that consolidation will promote judicial efficiency;

WHEREAS, the Parties agree that the consolidated action shall be styled "*In re: Primal Nutrition Avocado Oil Litigation*" and all future filings shall be made on that caption in the lowest numbered case, currently the *Hood* Action;

WHEREAS, Defendant agrees that all three cases should be consolidated, but maintains that the proper venue for these cases is the U.S. District Court for the Northern District of Illinois, where another class action against Defendant, *Lauten v. Primal Nutrition, LLC*, is currently pending;

WHEREAS, Defendant intends to file a motion to transfer all three cases to the Northern District of Illinois;

WHEREAS, Plaintiffs do not consent to transfer their cases to the Northern District of Illinois and intend to oppose Defendant's anticipated motion to transfer;

WHEREAS, the Parties agree that it would conserve party and judicial resources to allow the Court to resolve Defendant's anticipated motion to transfer before requiring Plaintiffs to file a consolidated complaint or requiring Defendant to

respond to Plaintiffs' current complaints;

ACCORDINGLY, the undersigned Parties stipulate, and request that the Court order, as follows:

1. The *Hood*, *Deckman*, and *Raphael* actions are consolidated pursuant to Rule 42(a) because each action asserts substantially the same claims and raises substantially the same questions of fact and law regarding liability and damages.

2. Within fourteen (14) days of an Order consolidating these cases, Defendant shall file a motion to transfer venue of the consolidated cases to the Northern District of Illinois. Plaintiffs' opposition to the motion to transfer venue shall be due twenty-one (21) days after the filing of the motion to transfer, and Defendant's reply shall be due fourteen (14) days thereafter. The motion to transfer shall be noticed for hearing on the first available date at least thirty-five (49) days following the filing of the motion to transfer.

3. In the event that the Court denies Defendant's anticipated motion to transfer venue, the Parties shall submit a stipulation within seven (7) days setting forth a schedule for the filing of a consolidated complaint and a responsive pleading deadline.

IT IS SO STIPULATED.

DATED: October 26, 2026

**EAGAN LAW CORPORATION**

By: /s/ *Todd Eagan*
Todd Eagan

Todd Eagan
401 Wilshire Blvd., 12th Floor
Santa Monica, CA 90401
Telephone: (310) 304-3302
E-mail: *teagan@eagan.law*

James J. Rosemergy (*pro hac vice* forthcoming)
**CAREY & DANIS LLC**
8235 Forsyth Blvd., Suite 1100
St. Louis, Missouri 63105
Telephone: (314) 725-7700
Email: *jrosemergy@careydanis.com*

*Attorneys for Plaintiffs Hood, Brand, Walker, and Van Vleck*

DATED: October 26, 2026

**EAGAN LAW CORPORATION**

By: /s/ *Todd Eagan*
Todd Eagan

Todd Eagan
401 Wilshire Blvd., 12th Floor
Santa Monica, CA 90401
Telephone: (310) 304-3302
E-mail: *teagan@eagan.law*

Chet B. Waldman (*pro hac vice* forthcoming)
Matthew Insley-Pruitt (*pro hac vice* forthcoming)
**WOLF POPPER LLP**
570 Lexington Ave.
19th Floor
New York, NY 10023
E-mail: *cwaldman@wolfpopper.com*
*minsley-pruitt@wolfpopper.com*

*Attorney for Plaintiffs Deckman and Newby*

DATED: October 26, 2026

KALIELGOLD PLLC

By: /s/ Sophia Goren Gold
Sophia Goren Gold

490 43rd Street, No. 122
Oakland, CA 94609
202-350-4783 (o)
248-568-7225 (c)
Email: sgold@kalielgold.com

*Attorney for Plaintiff Raphael*

Dated: October 26, 2026

JENNER & BLOCK LLP

By: /s/ Alexander M. Smith
Alexander M. Smith

2029 Century Park East, Suite 1450
Los Angeles, CA 90067
T: (213) 239-2262
asmith@jenner.com

Dean N. Panos
353 North Clark Street
Chicago, IL 60654
T: (312) 923-2765
dpanos@jenner.com

Attorneys for Defendant
Primal Nutrition, LLC

## ATTESTATION OF FILER

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Alexander M. Smith, hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: October 26, 2026

JENNER & BLOCK LLP

By: /s/ Alexander M. Smith
Alexander M. Smith

Attorneys for Defendant
Primal Nutrition, LLC